# Exhibit A

**O'CONNOR, PARSONS, LANE & NOBLE, LLC**
Gregory B. Noble, Esq. (#017601998)
R. Daniel Bause, Esq. (#019122011)
Robert A. Ballard, III, Esq. (#087192014)
959 South Springfield Avenue, 2nd Floor
Springfield, New Jersey 07081
Phone: 908-928-9200
Attorneys for Plaintiff

| | |
|---|---|
| JOSEPH VASTOLA, <br><br> Plaintiff, <br><br> v. <br><br> STERLING, INC. d/b/a SIGNET JEWELERS; ARIEL GORE, both individually and in her capacity as a supervisor with Sterling, Inc. d/b/a Signet Jewelers; JANE DOE I-V (these names being fictitious as their present identities are unknown); JOHN DOE I-V (these names being fictitious as their present identities are unknown); XYZ CORPORATION I-V (these names being fictitious as their present identities are unknown) <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: SOMERSET COUNTY <br> DOCKET NO: <br><br> Civil Action <br><br> **COMPLAINT AND JURY DEMAND** |

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

1. Plaintiff, Joseph Vastola ("plaintiff" or "Mr. Vastola"), has an address of 79 Pike View Lane, Woodbridge, NJ 07095, and at all times relevant hereto was employed by Defendant Sterling Jewelers, Inc.

2. Defendant, Sterling Jewelers, Inc. ("Signet," "Signet Jewelers" or "the Company"), is a company with the principal business address of 375 Ghent Rd., Akron, OH 44333, which had the plaintiff in its employ during the relevant time periods

herein. Defendant Sterling Jewelers, Inc. regularly conducts business in Somerset County and maintains an office in Somerset County.

3. Defendant Ariel Gore ("Moore") resides at 4 Orchard Rd., Park Ridge, NJ 07656, and at all times relevant hereto was employed by defendant Sterling Jewelers, Inc., supervised Plaintiff and/or played a role in the adverse employment action(s) taken against Plaintiff. Moore was also aware of the unlawful, retaliatory and discriminatory conduct engaged in by defendant Sterling Jewelers, Inc., and condoned and/or ratified same.

4. At all times relevant hereto, the defendants Jane Doe I-V and John Doe I-V are fictitious names used to identify those individuals which names are presently unknown that engaged in wrongful acts outlined herein and their identities are presently unknown.

5. At all times relevant hereto, the defendants XYZ Corporation I-V are fictitious names used to identify those corporations which names are presently unknown but include corporations incorporated under the laws of the State of New Jersey and/or other states and had in plaintiff under their employ.

6. Mr. Vastola commenced employment with Sterling Jewelers, Inc. in or around November 2017 as a Luxury Fashion and Timepiece Manager. In this position, Mr. Vastola was responsible for training sales employees, building client profiles, tracking phone calls in the Company's electronic sales system, customer service and assisting in sales.

7. For the duration of his employment, Mr. Vastola worked out of the Company's Jared store located in Watchung, NJ.

8. Mr. Vastola was a strong performer in his role as a Luxury Fashion and Timepiece Manager and had no write ups or performance issues prior to his taking of a brief medical leave to address his disability.

9. On or about June 14, 2019, Mr. Vastola was forced to take an approximate one-month medical leave in order to attend an outpatient treatment facility to address his opioid addiction.

10. Mr. Vastola properly notified the Company's Human Resources department and provided them with the necessary paperwork and medical documentation to apply for leave under the Family and Medical Leave Act ("FMLA").

11. When Mr. Vastola returned from his medical leave, he was subjected to commentary and actions by the Company's upper management which caused him to feel that information regarding his disability and need for leave were disclosed to employees outside of the Human Resources department.

12. For example, Kent Moore, the area's Loss Prevention Manager, made a comment to Mr. Vastola upon his return about "fighting demons," a clear reference to battling an addiction.

13. Moreover, Mr. Vastola was subjected to his first write up with the Company shortly after his return from medical leave.

14. Then, in or around March of 2020, Mr. Vastola was furloughed along with the rest of the sales employees in response to the Covid-19 pandemic.

15. In or around May of 2020, the Company began to bring back employees from furlough, although Mr. Vastola continued to be on furlough.

16. In September, Mr. Vastola received a phone call from his District Manager, Ariel Gore, who informed him that his employment with the Company was being terminated, as the Company did not have enough hours for him.

17. This was in direct contradiction to a letter sent by the Company to Mr. Vastola on September 14, 2020, which indicated that he was given the option of returning to work in a different position or at a different location.

18. Furthermore, the Company created job postings for Plaintiff's exact position in September of 2020.

19. Upon information and belief, Plaintiff was replaced by an individual outside of his protected class.

## FIRST COUNT

### New Jersey Law Against Discrimination
### Disability Discrimination/Perceived Disability Discrimination/Failure to Accommodate

20. Plaintiff hereby incorporates each and every allegation of the within paragraphs of this Complaint as if they were fully set forth at length herein.

21. Plaintiff suffered from a recognized handicap/disability under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("LAD"), in that he suffered from an opioid addiction, requiring medical treatment, a medical leave and/or light duty accommodations.

22. Plaintiff suffered adverse employment action and was terminated on account of his disability in violation of the LAD.

23. Plaintiff was terminated on account of a perception by his employer that he was disabled in violation of the LAD.

24. Plaintiff was unlawfully discriminated against based on the perception of the defendant that he was unable to perform the essential functions of his job. Said conduct also violates the LAD.

25. Defendant also failed to accommodate plaintiff's disability by failing to provide him a medical leave he was entitled to and by terminating his employment. Defendant also failed to engage plaintiff in the interactive process as to these reasonable accommodations.

26. Plaintiff has been severely injured as a result of such discrimination that he has suffered, and continues to suffer, severe emotional distress, humiliation, embarrassment, anguish, physical and bodily injuries, personal hardship, career and social disruption, psychological and emotional harm, economic losses, lost employment opportunities, and other such damages.

WHEREFORE, plaintiff, Joseph Vastola, demands judgment against defendants, STERLING JEWELERS, INC. d/b/a SIGNET JEWELERS; ARIEL GORE, both individually and in her capacity as a supervisor with Sterling Jewelers, Inc. d/b/a Signet Jewelers; JANE DOE I-V (these names being fictitious as their present identities are unknown); JOHN DOE I-V (these names being fictitious as their present identities are unknown); XYZ CORPORATION I-V (these names being fictitious as their present identities are unknown), jointly and severally, for harm suffered as a result of defendants' handicap and/or perceived handicap discrimination/failure to accommodate as follows:

    a. compensatory damages;

    b. consequential damages;

    c. punitive damages;

  d. his attorneys' fees with appropriate enhancement under <u>Rendine v. Pantzer</u>, 141 <u>N.J.</u> 292 (1995);

  e. costs of suit;

  f. interest; and

  g. such other relief the court may deem equitable and just.

## SECOND COUNT

### New Jersey Law Against Discrimination
### Unlawful Retaliation

1. Plaintiff repeats and realleges each and every allegation of the within paragraphs of this Complaint as if set forth at length herein.

2. As set forth herein, after plaintiff requested, secured and/or took certain accommodations, including medical leave he was entitled to under the LAD, his employment was terminated.

3. Defendants' conduct towards plaintiff, specifically the unwarranted retaliation he was subjected to through the termination of his employment, constitutes unlawful retaliation for his exercise and/or attempted exercise of rights under the LAD.

4. Plaintiff has been severally injured as a result of such retaliation that he has suffered, and continues to suffer, physical and bodily injuries, severe emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, lost employment opportunities, and other such damages.

WHEREFORE, plaintiff, Joseph Vastola, demands judgment against defendants, STERLING JEWELERS, INC. d/b/a SIGNET JEWELERS; ARIEL GORE, both individually and in her capacity as a supervisor with Sterling Jewelers, Inc. d/b/a

Signet Jewelers; Jane Doe I-V (these names being fictitious as their present identities are unknown); John Doe I-V (these names being fictitious as their present identities are unknown); XYZ Corporation I-V (these names being fictitious as their present identities are unknown), jointly and severally, for harm suffered as a result of defendants' retaliation as follows:

 (a) full compensation for back pay and benefits with full remuneration, with interest;

 (b) full compensation for front pay and benefits with full remuneration, with interest;

 (c) compensatory damages;

 (d) consequential damages;

 (e) punitive damages;

 (f) pre-judgment interest;

 (g) attorneys' fees with appropriate enhancement under <u>Rendine v. Pantzer</u>, 141 <u>N.J.</u> 292 (1995); and

 (h) such other relief as may be available pursuant to the LAD in which this court deems to be just and equitable.

## THIRD COUNT

### Aiding and Abetting Liability

31. Plaintiff repeats and realleges each and every allegation of the within paragraphs of this complaint as if set forth at length herein.

32. Defendants, by their actions and inactions, condoned and ratified the retaliation, discrimination and harassment outlined in Counts One and Two perpetrated against Plaintiff.

33. Defendants had knowledge that the retaliation, harassment and/or discrimination was occurring, had knowledge that it was a violation of the law, and substantially encouraged and/or assisted in same.

34. Said defendants are liable under the LAD for aiding and abetting discrimination and retaliation in violation of the LAD.

35. The conduct engaged in by defendants constitutes egregious behavior and/or willful indifference by upper management by the rights of plaintiff sufficient to subject defendants to punitive damages under the LAD.

36. Plaintiff has been severely injured as a result of such aiding and abetting in that he has suffered, and continues to suffer, physical and bodily injuries, severe emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, loss employment opportunities, and other such damages.

WHEREFORE, Plaintiff, Joseph Vastola, demands judgment against defendants, STERLING JEWELERS, INC. d/b/a SIGNET JEWELERS; ARIEL GORE, both individually and in her capacity as a supervisor with Sterling Jewelers, Inc. d/b/a Signet Jewelers; JANE DOE I-V (these names being fictitious as their present identities are unknown); JOHN DOE I-V (these names being fictitious as their present identities are unknown); XYZ CORPORATION I-V (these names being fictitious as their present identities are unknown), for harm suffered as a result of defendants' aiding and abetting as follows:

    (a) full compensation for back pay and benefits with full remuneration, with interest;

    (b) full compensation for front pay and benefits with full remuneration,

with interest;

    (c)    compensatory damages;

    (d)    consequential damages;

    (e)    punitive damages;

    (f)    pre-judgment interest;

    (g)    attorneys' fees and costs with appropriate enhancement under Rendine v. Pantzer, 141 N.J. 292 (1995); and

    (h)    such other relief as may be available pursuant to the LAD in which this court deems to be just and equitable.

O'CONNOR, PARSONS, LANE & NOBLE, LLC
Attorneys for Plaintiff

By: _____
GREGORY B. NOBLE

DATED: June 14, 2021

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues.

O'CONNOR, PARSONS, LANE & NOBLE, LLC
Attorneys for Plaintiff

By: _____
GREGORY B. NOBLE

DATED: June 14, 2021

## DESIGNATION OF TRIAL COUNSEL

Please take notice that pursuant to Rule 4:25-4, Gregory B. Noble, Esq. is hereby designated as trial counsel in the within matter.

## CERTIFICATION PURSUANT TO RULE 4:5-1

The undersigned, Gregory B. Noble, certifies on behalf of the plaintiff as follows:

1. I am an attorney admitted to practice law in the State of New Jersey, counsel for the above-named plaintiff in the subject action.

2. The matter in controversy in this case is not, to my knowledge, the subject of any other action pending in any court or pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

3. There are no other parties who should be joined in this action that we are aware of at the present time.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

O'CONNOR, PARSONS, LANE & NOBLE, LLC
Attorneys for Plaintiff

By: _____
GREGORY B. NOBLE

DATED: June 14, 2021

```
Status Report For:      STERLING JEWELERS INC.
Report Date:            6/2/2021
Confirmation Number:    211532336300
```

### IDENTIFICATION NUMBER, ENTITY TYPE AND STATUS INFORMATION

```
Business ID Number:     5781720000
Business Type:          FOREIGN PROFIT CORPORATION
Status:                 ACTIVE
Original Filing Date:   03/27/1973
Stock Amount:           N/A
Home Jurisdiction:      DE
Status Change Date:     NOT APPLICABLE
```

### REVOCATION/SUSPENSION INFORMATION

```
DOR Suspension Start Date:    N/A
DOR Suspension End Date:      N/A
Tax Suspension Start Date:    N/A
Tax Suspension End Date:      N/A
```

### ANNUAL REPORT INFORMATION

```
Annual Report Month:       MARCH
Last Annual Report Filed:  02/22/2021
Year:                      2021
```

### AGENT/SERVICE OF PROCESS (SOP) INFORMATION

```
Agent:                    C T CORPORATION SYSTEM
Agent/SOP Address:        820 BEAR TAVERN ROAD ,WEST TRENTON,NJ,08628
Address Status:           DELIVERABLE
Main Business Address:    375 GHENT RD, AKRON, OH, 44333
Principal Business Address:  N/A
```

### ASSOCIATED NAMES

```
Associated Name:    KAY RETAIL DIVISION INC
Type:               PV
Associated Name:    KAY JEWELERS, INC.
Type:               PV
Associated Name:    KAY JEWELERS
Type:               FC
```

PRINCIPALS

Following are the most recently reported officers/directors (corporations), managers/members/managing members (LLCs), general partners (LPs), trustees/officers (non-profits).

| | |
|---|---|
| Title: | PRESIDENT |
| Name: | Ptak,Stash |
| Address: | 375 Ghent Road, Akron, , , US |
| Title: | TREASURER |
| Name: | Ciccolini,Vincent |
| Address: | 375 Ghent Road, Akron, , , US |
| Title: | SECRETARY |
| Name: | SHADY,MATT |
| Address: | 914 GRENADA DR NE, CANTON, , , US |

FILING HISTORY -- CORPORATIONS, LIMITED LIABILITY COMPANIES, LIMITED PARTNERSHIPS AND LIMITED LIABILITY PARTNERSHIPS

To order copies of any of the filings below, return to the service page, https://www.njportal.com/DOR/businessrecords/Default.aspx and follow the instructions for obtaining copies. Please note that trade names are filed initially with the County Clerk(s) and are not available through this service. Contact the Division for instructions on how to order Trade Mark documents.

Charter Documents for Corporations, LLCs, LPs and LLPs

| | |
|---|---|
| Original Filing (Certificate)Date: | 1973 |

Changes and Amendments to the Original Certificate:

| Filing Type | Year Filed |
|---|---|
| CHANGE OF REGISTERED OFFICE | 1979 |
| NAME CHANGE | 1991 |
| NAME CHANGE | 1991 |
| Withdrawn By Merger | 2016 |
| ALTERNATE NAME FILING | 1997 |
| ALTERNATE NAME RENEWAL | 2002 |
| ALTERNATE NAME RENEWAL | 2007 |
| Annual Report filing with officer/member change | 2021 |

| | |
|---|---|
| Annual Report filing with officer/member change | 2015 |
| Annual Report filing with officer/member change | 2016 |
| Annual Report filing with officer/member change | 2017 |
| Annual Report filing with officer/member change | 2018 |
| Annual Report filing with officer/member change | 2019 |
| Annual Report filing with officer/member change | 2020 |

Note:
Copies of some of the charter documents above, particularly those filed before June 1988 and recently filed documents (filed less than 20 work days from the current date), may not be available for online download.

- For older filings, contact the Division for instructions on how to order.
- For recent filings, allow 20 work days from the estimated filing date, revisit the service center at https://www.njportal.com/DOR/businessrecords/Default.aspx periodically, search for the business again and build a current list of its filings. Repeat this procedure until the document shows on the list of documents available for download.

The Division cannot provide information on filing requests that are in process. Only officially filed documents are available for download.

# Civil Case Information Statement

**Case Details: SOMERSET | Civil Part Docket# L-000841-21**

**Case Caption:** VASTOLA JOSEPH  VS STERLING INC. /D/B/A  SIGNET
**Case Initiation Date:** 06/18/2021
**Attorney Name:** GREGORY BRIAN NOBLE
**Firm Name:** O'CONNOR PARSONS LANE & NOBLE LLC
**Address:** 959 SOUTH SPRINGFIELD AVENUE, 2ND FL SPRINGFIELD NJ 07081
**Phone:** 9089289200
**Name of Party:** PLAINTIFF : Vastola, Joseph
**Name of Defendant's Primary Insurance Company** (if known): None

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Joseph Vastola?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/18/2021                                                                                      /s/ GREGORY BRIAN NOBLE
Dated                                                                                                                   Signed