UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH VASTOLA,<br><br>    Plaintiff,<br><br>v.<br><br>STERLING, INC. d/b/a SIGNET JEWELERS; ARIEL GORE, both individually and in her capacity as a supervisor with Sterling, Inc. d/b/a Signet Jewelers; JANE DOE I-V (these names being fictitious as their present identities are unknown); JOHN DOE I-V (these names being fictitious as their present identities are unknown); XYZ CORPORATION I-V (these names being fictitious as their present identities are unknown)<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: SOMERSET COUNTY<br>Case No. 3:21-cv-14089<br>State Court Docket: SOM-L-841-21<br><br><br>Civil Action |

---

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION
TO REMAND THIS MATTER TO STATE COURT AND FOR ATTORNEYS' FEES
PURSUANT TO 28 U.S.C. § 1447**

---

O'CONNOR, PARSONS, LANE & NOBLE, LLC
959 S. Springfield Ave., Second Floor
Springfield, New Jersey 07081
(908) 928-9200
Attorneys for Plaintiff

Of Counsel on the Brief:
    GREGORY B. NOBLE, ESQ. (8359)

On the Brief:
    ROBERT A. BALLARD, ESQ. (08719-2014)

TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.    DEFENDANTS HAVE FAILED IN SATISFYING THEIR
      BURDEN OF SHOWING THAT FEDERAL SUBJECT MATTER
      JURISDICTION EXISTS ANDTHEREFORE THIS MATTER
           SHOULD BE REMANDED TO STATE COURT . . . . . . . . . . . . . 6

      A. Due to the Fact That Plaintiff Brings
         No Claim Under Federal Law and Because
         Plaintiff and Defendant Gore are Citizens
         Of New Jersey, No Federal Subject Matter
         Jurisdiction Exits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      B. Plaintiff's Motion to Remand Must Be Granted
         Because There Exists No Diversity Jurisdiction
         Due to the Fact that Defendants In No Way Can
         Carry Their "Heavy Burden" of Establishing
         That Plaintiff's Claim Against the Non-Diverse
         Defendant Gore Are "Wholly Insubstantial and
         Frivolous . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

         a.   Plaintiff's Claims of Aiding and Abetting
              Under the LAD are Valid . . . . . . . . . . . . . . . . . . . . 16

II.   DEFENDANTS SHOULD BE COMPELLED TO PAY
      PLAINTIFF ATTORNEYS' FEES INCURRED AS A
      RESULT OF THE BASELESS REMOVAL OF THIS
      MATTER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

      A. There Was No Objectively Reasonable Basis
         To File a Notice of Removal in This Matter
         As the Lack of Subject Matter Jurisdiction
         Was Overwhelmingly Apparent on the Face
         Of the Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

i

## TABLE OF AUTHORITIES

### CASES

PAGE

Abels v. State Farm Fire & Cas. Co.,
     770 F.2d 26 (3d Cir. 1985) ........................ 8, 9, 10

Al Lier v. Sit,
     913 F. Supp. 868 (D.N.J. 1996) ......................... 23

Apoian v. American Home Products, Cor.
     108 F. Supp.2d 454 (E.D. Pa. 2000) ..................... 10

Baliko v. Stecker,
     275 N.J. Super. 182 (App. Div.) .................. 17, 18, 19

Batoff v. State Farm Ins. Co.,
     977 F.2d 848 (3d Cir. 1992) .................. 9, 10, 11, 12

Bover v. Snap-On Tools Corp.,
     913 F. 3d 108 (3d Cir. 1990) ................. 8, 9, 10, 12

Berckman v. United Parcel Services,
     2007 WL 4080372 (D.N.J. Nov. 14, 2007) .......... 14, 15, 18

Brown v. Francis,
     75 F.3d860 (3d. Cir. 1996) ............................... 8

Doughtery, Clifford & Wadsworth Corp. v. the Magna Group, Inc.
     2007 WL 2300719 (D.N.J. Aug. 6, 2007) ................... 22

Dunson v. McNeil PPC, Inc.,
     346 F. Supp.2d 735 (E.D. Pa. 2004) ...................... 8

Espinosa v. Continental Airlines,
     80 F. Supp. 2d 297 (D.N.J. 2000) ....................... 23

Glass Molders v. Wickes Cos., Inc.
     707 F. Supp. 174 (D.N.J. 1989) .................. 9, 10, 12

Gotro v. R&B Realty  Group,
     69 F.3d 1485 (9th Cir. 1995) ........................... 25

Hurley v. Atlantic City,
     174 F.3d 95 (3d Cir. 1998) ............................. 17

TABLE OF AUTHORITIES (Cont'd)

CASES                                                                      PAGE

In re Briscoe,
    448 F.3d 201 (3d. Cir. 2006) .......................... 12, 13

Independent Machine Co. v. Int'l Tray Pads & Packaging, Inc.,
    991 F. Supp. 687 (D.N.J. 1998) ........................... 10

Ingemi v. Pelino & Lentz,
    866 F. Supp. 156 (D.N.J. 1994) ........................... 22

Martin v. Franklin Capital Corp.,
    546 U.S. 132 (2005) ...................................... 20

Mersmann v. Continental  Airlines,
    335 F. Supp. 2d 544 (D.N.J. 2004) ........................ 13

Mints v. Educational Testing Services,
    99 F.3d 1253 (3d Cir. 1996) .............................. 21

Portside Investors, L.P. v. Northern Ins. Co.,
    253 F. Supp. 2d 835 (E.D. Pa. 2003) ...................... 23

Steel Valley Authority v. Union Switch & Signal Div.,
    809 F.2d 1006 (3d Cir. 1987) .............................. 9

Strawbridge v. Curtiss,
    7 U.S. (3 Cranch) 267 (1806) .............................. 7

Syms, Inc. v. IBI Sec. Serv. Inc.,
    586 F.Supp. 53 (S.D.N.Y. 1984) ........................... 22

Tarr v. Ciasulli,
    181 N.J. 70 (2004) ................................... 16, 18

Township of Whitehall v. Allentown Auto Auction,
    966 F. Supp. 385 (E.D. Pa. 1997) ......................... 23

Tschirhart v. United Airlines,
    1997 WL 199154 (D.N.J. Mar. 25, 1997) .................... 14

<u>STATUTES AND RULES (CONT'D)</u>                                   <u>PAGE</u>

28 U.S.C. § 1331 ......................................... 7

28 U.S.C. § 1332 ......................................... 7

28 U.S.C. § 1441 ...................................... 1, 7

28 U.S.C. § 1447 ................................. 1, 20, 26

Fed. R. Civ. P. 12(b)(6) ...................... 11, 14, 16, 24

New Jersey Law Against Discrimination,

N.J.S.A. 10:5-1 <u>et. Seq.</u> ............................... passim

N.J.S.A. 10:5-12 ................................ 2, 16, 18, 19

## PRELIMINARY STATEMENT

Plaintiff Joseph Vastola ("Plaintiff" or "Vastola") submits this brief in support of his motion to remand this action to State Court and for an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c).

This is an employment retaliation and discrimination action brought pursuant to the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, et seq., which was initially filed in New Jersey State Court on June 18, 2021. On its face, this Complaint in no way implicates any federal statute and only brings claims pursuant to State law. Therefore, no federal question jurisdiction exists in this matter.

Likewise, there is also no diversity jurisdiction in this case. On its face, Plaintiff's Complaint names two Defendants: Sterling, Inc. d/b/a Signet Jewelers (hereinafter "corporate defendant") and Ariel Gore (hereinafter "Gore"). Gore and Plaintiff are citizens of New Jersey. Therefore, no diversity jurisdiction existed at filing and it was improper for defendants to remove this action under 28 U.S.C. § 1441(b). Nonetheless, on July 23, 2021, Defendant Sterling, Inc. removed this matter to federal court alleging federal subject matter jurisdiction under the fraudulent joinder doctrine due to the fact that Plaintiff has allegedly not brought a colorable claim against Gore, creating diversity of citizenship.

1

Although defendant claims, wrongly, that removal of this matter was appropriate, no federal subject matter jurisdiction exists in this matter whatsoever and Plaintiff's claims should be remanded to State Court, together with attorneys' fees and costs.

Specifically, it is clear that the Third Circuit has established that a defendant bears a "heavy burden" in establishing "fraudulent joinder" and has essentially found thata defendant must prove a claim must be literally impossible (i.e. past the statute of limitations} in order to remove an action.   In pursuing this "heavy burden," meeting the standard of a R. 12{b)(6) motion is not even sufficient as defendant mustinstead prove a claim is "wholly insubstantial," "frivolous" and "nonsensical."   In fact, when considering a removal under the "fraudulent joinder" doctrine, a Court must avoid ruling onthe merits of a plaintiff's claims and must instead look solelyas to whether the Complaint on its face states a claim against anon-diverse party.

Ultimately, Defendants in no way can carry this "heavy burden." Like countless supervisors in other similar suits, Gore has been named as a defendant in plaintiff's Complaint, asthe LAD clearly allow for claims to be brought against individuals. Specifically, under the LAD, and in particular N.J.S.A. 10:5-12(e}, it is unlawful for "any person" to "aid or abet" acts of discrimination, thus opening such individuals open to direct liability under the statute.

2

Upon review, and as discussed at length below, Plaintiff's Complaint specifically accuses Gore of encouraging, assisting, conspiring and allowing the corporate Defendant to retaliate, discriminate against and terminate Plaintiff. Gore was intricately involved in the central factual occurrences in thismatter as laid out specifically within the body of Plaintiff's Complaint. Therefore, Plaintiff has asserted a valid claim forindividual liability against Gore and such claims were in no way "fraudulently joined" under the clear standard maintained herein.

Of final note, it is also evident that there was absolutelyno discernible objectively reasonable basis to believe this matter could be removed and an award of attorneys' fees under § 1447(c} is proper.

## STATEMENT OF FACTS

Plaintiff commenced employment with the corporate defendant in or around November 2017 as a Luxury Fashion and Timepiece Manager. Complaint, ¶6. Although the corporate defendant is principally located outside of New Jersey, Plaintiff and Defendant Gore live in New Jersey and worked out of corporate defendant's Watchung, New Jersey location. Id. at ¶7. Gore had supervisory authority over Plaintiff during his employment. Id. at ¶3.

While the full breadth of the factual allegations are setout at length in Plaintiff's Complaint, the crux of this matter involves: 1) Plaintiff taking a medical leave related to his

disability, 2) being retaliated against following his taking of this protected leave and, 3) the unlawful termination of Plaintiff's employment due to his disability and in retaliation for exercising his rights under the LAD.

Specifically, as outlined at length in the Complaint, Plaintiff was a strong performer in his role as a Luxury Fashion and Timepiece Manager and had no write ups or performance issues prior to his taking of a brief medical leave to address his disability.  Id. at ¶8.  On or about June 14, 2019, Plaintiff was forced to take an approximate one-month medical leave in order to attend an outpatient treatment facility to address his opioid addiction, informing the corporate Defendant's Human Resources Department of same.  Id. at ¶9-10.  When Plaintiff returned from his medical leave, he was subjected to commentary and actions by the corporate Defendant's upper management that caused him to feel that information regarding his disability was being disclosed to employees outside of the Human Resourced Department.  These actions and statements included comments regarding "fighting demons," a clear reference to battling addiction, and issuing Plaintiff his first write up with the Company.  Id. at ¶11-13.

Then, in or around March of 2020, Plaintiff was furloughed along with the rest of the sales employees in response to the Covid-19 pandemic.  However, when the corporate Defendant began

bringing employees back from furlough in May of 2020, Plaintiff continued to be furloughed. Id. at ¶14-15. In September, Plaintiff received a phone call from Defendant Ariel Gore, his District Manager, who informed him that his employment with the corporate Defendant was being terminated, as they did not have enough hours for him. Id. at ¶16. This statement by Gore was in direct contradiction to a letter sent by the corporate Defendant on September 14, 2020, which indicated that he was being given the option of returning to work in a different position or at a different location, as well as a job posting for Plaintiff's exact position in September of 2020. Id. at ¶17-18.

As for the involvement of Gore, she had direct supervisory authority over Plaintiff and is alleged by the clear allegations within the Complaint of being centrally involved in the retaliation and discrimination that plaintiff endured, up to and includingthe ultimate termination of his employment. Id. at ¶3.

By way of Complaint filed June 18, 2021, Plaintiff brought suit against Defendants, including Gore, in the Superior Court of New Jersey, Law Division, Somerset County (Docket No. SOM-L-0841-21). This Complaint was based upon three (3) grounds:

> (1) Disability Discrimination in violation of the New Jersey Law Against Discrimination ("LAD"); Id. at Count One, ¶20-26;

5

(2) Unlawful Retaliation in violation of the New Jersey LAD; Id. at Count Two, ¶27-30;

(3) an Aiding and Abetting liability claim as to the individual defendant Gore with regard to aforementioned claims of retaliation and discrimination due to her encouragement and/or assistance in effectuating and/or carrying out same. Id. at Count Three, ¶31-36.

Defendants soon thereafter filed a Notice of Removal to the United States District Court for the District of New Jersey on July 23, 2021. Plaintiff now brings this motion to remand this matter to New Jersey state court where true jurisdiction over exclusively state-law claims exists.

**LEGAL ARGUMENT**
**POINT I**

DEFENDANTS HAVE FAILED IN SATISFYING THEIR BURDEN OF SHOWINGTHAT FEDERAL SUBJECT MATTER JURISDICTION EXISTS AND THEREFORE THIS MATTER SHOULD BE REMANDED TO STATE COURT

A. Due to the Fact That Plaintiff Brings No Claim Under Federal Law and Because Plaintiff and Defendant Gore are Citizens of New Jersey, No Federal Subject Matter Jurisdiction Exists

There are two bases of which this Court may have subject matter jurisdiction over Plaintiff's claims and which allow removal of an action: federal question jurisdiction and diversity of citizenship jurisdiction. While Defendant arguesonly that diversity of citizenship jurisdiction exists, such is not the case

6

and Plaintiff's matter must be remanded.

Pursuant to 28 U.S.C. § 1331, Federal Courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Therefore, in order to have federal question jurisdiction over a civil action, such an action must arise under federal law.

As to diversity jurisdiction, under 28 U.S.C. § 1441(b), removal is only proper if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Furthermore, 28 U.S.C. § 1332 governs that diversity jurisdiction exists only when **none** of the defendants is a citizen of the same State as the plaintiff. See Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806).

In the subject Notice of Removal, Defendant concedes that Plaintiff does not bring any claims under federal law and instead brings solely state law claims under the LAD. As a result, this Court does not have jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and removal is therefore precluded. Furthermore, Defendant also concedes that both Plaintiff and the individual Defendant Gore are citizens of New Jersey. Therefore, because Gore is a citizen of the forum State and because this forum State is also where Plaintiff resides, under § 1441(b) and § 1332 removal is also precluded.

In determining whether removal was proper in a given case, the Third Circuit has interpreted the standard of proof for a removing party as to mean that so long as there is <u>any</u> doubt as to the propriety of removal, the case should not be removed to federal court. See <u>Dunson v. McNeil-PPC, Inc.</u>, 346 F.Supp.2d 735, 737 (E.D. Pa. 2004) (citing <u>Brown v. Francis</u>, 75 F.3d 860, 865 (3rd Cir. 1996)). Therefore, when there is a dispute as to a removal, the **<u>removing party bears the</u> <u>burden</u>** of proving the existence of federal subject matter jurisdiction. <u>Boyer v. Snap-On Tools Corp.</u>, 913 F.2d 108, 111 (3rd Cir. 1990); <u>see also</u> <u>Abels v. State Farm Fire & Cas. Co.</u>, 770 F.2d 26, 29 (3d Cir. 1985).

Simply put, upon a review of the face of the pleadings and due to the fact that defendant cannot meet its burden of proof, this Court lacks subject matter jurisdiction.

B. Plaintiff's Motion to Remand Must Be Granted Because There Exists No Diversity Jurisdiction Due to the Fact That Defendant In No Way Can Carry Their "Heavy Burden" of Establishing That Plaintiff's Claims Against the Non-Diverse Defendant Gore is "Wholly Insubstantial and Frivolous"

Defendant bases the removal of Plaintiff's claims upon what is known as the "fraudulent joinder" doctrine, which essentially argues that Gore was "fraudulently" included as a defendant and should be disregarded for diversity purposes. In basing removal upon this doctrine, Defendant has saddled itself with a substantial burden. Particularly, when a removing party asserts that a plaintiff has

fraudulently joined a party to "destroy" diversity, they have "a 'heavy burden of persuasion.'" Boyer, 913 F.2d at 111; see also Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1012 n.6 (3d Cir. 1987); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992).

This ''heavy burden" requires that Defendant to show "thereis no reasonable basis in fact or colorable ground supporting the claim against the joined defendant." Boyer, 913 F.2d at 111; Abels, 770 F.2d at 32. The Third Circuit has explained that this standard requires defendant to establish that the claims brought by plaintiff against the non-diverse defendant were "wholly insubstantial and frivolous." Batoff, 977 F.2d at 852.   Furthermore, when evaluating a claim under this standard,"[i]f there is **even a possibility** that a state court would findthat the complaint states a cause of action against any one ofthe resident defendants, the federal court must find that joinder was proper and remand the case to state court." Boyer,913 F.2d at 111; see also Glass Molders v. Wickes Cos., Inc., 707 F. Supp. 174, 181 (D.N.J. 1989) (defendant "must prove that there is absolutely no possibility" of establishing a claim against the non-diverse defendant in state court).

Furthermore, in determining whether a defendant has carried their "heavy burden" in showing that a plaintiff's claims are "wholly insubstantial and frivolous," the removal statutes are strictly construed against removal and all doubts, factual andlegal,

9

are to be resolved in favor of remand.  Boyer, 913 F.2d at 111; see
also Abels, 770 F.2d at 29; Apoian v. American HomeProducts Corp.,
108 F.Supp.2d 454, 455-56 (E.D. Pa. 2000); Independent Machine Co.
v. Int'l Tray Pads & Packaging, Inc., 991 F.Supp. 687, 690 (D.N.J.
1998). Specifically, a Court "mustresolve all contested issues of
substantive fact in favor of theplaintiff and must resolve any
uncertainties as to the current state of controlling substantive
law in favor of the plaintiff."Boyer, 913 F.2d at 111; see also
Batoff, 977 F.2d at 852.

Lastly, and in addition to the extreme burden Defendant faces
in the instant motion, the Third Circuit has also repeatedly held
that, in considering a "fraudulent joinder" argument, it is error
to turn the analysis into a decision uponthe merits of the
Complaint.  Specifically, a Court "may not find that the non-
diverse parties were fraudulently joined basedon its view of the
merits" of the claims and defenses. Batoff,977 F.2d at 851.  This
is because the deciding Court must not "in the guise of deciding
whether the joinder was fraudulent, step[] from the threshold
jurisdictional issue into a decision on the merits." Boyer, 913
F.2d at 112; see also Glass Molders,707 F. Supp. at 181.

For instance, it has been held that it is error to treat a
fraudulent joinder determination as if it were a summary judgment
analysis. Boyer, 913 F,2d at 112.  In fact, the Courtin Batoff
explained that the standard attached to "fraudulent joinder

10

removal" placed a burden that was even heavier than that of one regarding a R. 12(b)(6) motion to dismiss:

> [T]he [trial] court concluded that it could dismiss Paul from the action simply because Batoff's complaint "fails to state a valid claim" against him…But the inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder. Therefore, **it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted.** Accordingly, the district court erred in converting its jurisdictional inquiry into a motion to dismiss.... We are therefore presented with a "colorable" claim, even if it ultimately may not withstand a motion to dismiss in the state court.

Batoff, 977 F.2d at 852-53 (emphasis provided).

In the instant jurisdiction, and despite the oftentimes tenuous nature of the claims asserted against a non-diverse defendant, Courts have consistently refused to find that a defendant has met the substantial burden of proving "fraudulent joinder."

For example, in the Batoff decision cited numerous times herein, the Third Circuit determined that the defendant had failed in carrying their "heavy burden" when it was "not certain" whether the State Court would dismiss the claim. Id. at 851-53. This decision was reached after the Court admittedly did not employ a "penetrating" analysis of plaintiff's claims because, **"a claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for**

__purposes of diversity jurisdiction__." Id. at 853 (emphasis provided). Simply put, whena Court has to even fathom whether a plaintiff has brought a valid claim, in no way would such a claim reach the point of being "wholly unsubstantial and frivolous." See also Abels, 770 F.2d at 33; Boyer, 913 F.2d at 112; Glass Molders, 707 F.Supp. at 181-82.

In fact, the only decision within the Third Circuit that plaintiff is aware of that involves the upholding of a "fraudulent joinder" argument for a non-diverse defendant is thedecision In re Briscoe, 448 F.3d 201 (3d Cir. 2006). However, this case is essentially the exception that inadvertently establishes the rule and is easily distinguishable from the instant case and the long line of authority cited herein.

Specifically, the Court in Briscoe limited its decision inasmuchas the Circuit Court refused to disturb the District Courts grant of "fraudulent joinder" solely because the claims against the non-diverse party were time-barred, which was deemed a "rather unique" defense against a claim. Briscoe, 448 F.3d at 220. Therefore, the Court distanced itself from the other merit-based "wholly insubstantial and frivolous" line of cases to hold that, as a matter of law and pursuant to the statute oflimitations, plaintiff's claims were "fraudulently" brought out-of-time. Id. at 217-20. In fact, the Court went as far as to reaffirm the aforementioned holdings in Boyer, Batoff and Abelsdue to the simple

12

fact that those cases involved an argument that a claim was fraudulently joined solely upon the merits. Id. Because Plaintiff's claims in this matter were clearly timely under the LAD, Defendants can only prevail by establishing the claims' allegedfrivolous nature and cannot avail themselves of the lone holding in Briscoe.

In addition to the aforementioned cases, this very Court has faced the exact question at issue here and has found on eachof three different occasions that no removal jurisdiction was present. Specifically, three decisions within this District have answered negatively when confronted with the question of whether a non-diverse defendant was "fraudulently joined" in respective employment claims.

For one, in Mersmann v. Continental Airlines, 335 F. Supp.2d 544 (D.N.J.), the Court found no "fraudulent joinder" when a plaintiff brought individual claims against a co-workerand an investigator under the LAD and, therefore, removal wasdefeated. Mersmann, 335 F.Supp.2d at 556. The Complaint thatdefeated removal simply alleged that plaintiff's co-worker had made certain complaints, which were allegedly discriminatory, and an investigation was thereafter performed into these complaints which led to plaintiff's termination. Id. Becausethe investigator had looked into the complaints lodged and hadultimately carried out plaintiff's termination, the Court determined that an "aiding and

abetting" claim against that individual was not "fraudulent." Id.
Furthermore, and of greater influence, the Court also let the
tenuous "aiding and abetting" claim proceed against plaintiff's
co-worker without any discussion of its merits in light of the
fact that the casewas in an "early stage" and defendants faced a
"heavy burden" inproving fraudulence. Id.; see also Tschirhart v.
United Airlines, 1997 WL 199154, at *6 n.5 (D.N.J. Mar. 25,
1997)(finding defendants' claims of "fraudulent joinder" to be
"simply ridiculous" when a claim was merely asserted against an
individual defendant under the LAD).

Lastly, in Berckman v. United Parcel Serv., No. CIV.A. 07-5245
JBS, 2007 WL 4080372 (D.N.J. Nov. 14, 2007), the District Court
rejected defendants' attempt to engage in a R. 12(b)(6) argument
when asserting that plaintiff "fraudulently" joined anindividual
"aider and abettor." Particularly, the Court initially held:

> Whether or not defendant Perkins may be proved to
> be an aider-and-abettor under the New Jersey Law
> Against Discrimination **is a matter that must be**
> **determined in due course, and not upon a petition**
> **for removal. Unless the joinder of Perkins was**
> **fraudulent, however, the merits cannot be addressed**
> **because this Court lacks jurisdiction to do so.**

Berckman, 2007 U.S. Dist. WL 4080372, at *2.

Nonetheless, theCourt briefly summarized "aiding and abetting"
liability underthe LAD and thereafter explained that:

> Plaintiff is not required to prove his case against
> Mr. Perkins in order to overcome the "fraudulent
> joinder" accusation. Because "fraudulent joinder" is

14

a legal conclusion necessary to establish subject matter jurisdiction upon this removal, the Defendant has the burden to show that the law would not permit a recovery against Perkins. **The Complaint against Mr. Perkins satisfies the notice pleading requirements and alleges that Perkins in fact is an aider-and-abetter, having participated in the employer's refusal to provide reasonable accommodation, and thereby may be liable under the New Jersey Law Against Discrimination. The identification of Mr. Perkins as a defendant against whom NJLAD liability is alleged suffices to count him as a party for jurisdictional purposes.**

Id.

Therefore, the Court ordered the Complaint to be remanded simply because the plaintiff named an individual, non-diverse defendant within the Complaint without any consideration of the claim's viability. Id.

In consideration of the Berckman decision and the aforementioned line of cases, it is readily apparent that the simple and sole act of naming an individual defendant in a Complaint under the LAD is alone sufficient to count that individual as a party for jurisdictional and "fraudulent joinder" purposes. As such, Plaintiff cannot imagine an argument by Defendant that establishes that Gore was "fraudulently joined" and therefore the instant motion to remand must be granted at this time.

15

### a. Plaintiff's Claims of Aiding and Abetting Under the LAD are Valid.

Although such a searching analysis on the merits is unwarranted based upon precedent cited above, Plaintiff easily satisfies the standard applied in a R. 12(b)(6) motion.

Plaintiff presents claims against Gore individually under the LAD for aiding and abetting the retaliation and discriminationthat the corporate Defendant carried out against Plaintiff as described above and in plaintiff's detailed Complaint.

Essentially, while Plaintiff brings claims under the aforementioned state statute directly against his former employer and the responsible entity relating to same, he alsobrings these very claims against Gore as a supervisor and "aider and abettor" of this conduct pursuant to N.J.S.A. 10:5-12(e).

Under N.J.S.A. 10:5-12(e), the aiding and abetting analysis merely requires a finding of "active and purposeful conduct" on behalf of an individual defendant. Tarr v. Ciasulli, 181 N.J. 70, 83 (2004). To find such "active and purposeful conduct," aplaintiff must demonstrate:

> (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendantmust be generally aware of his role as part of an overall illegal or tortious activity at the time thathe provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principalviolation.

16

Id. at 84 (quoting Hurley v. Atlantic City Police Department, 174 F.3d 95, 127 (3rd Cir. 1999)) (internal citations omitted).

While not being responsible under the LAD as an "employer," an individual defendant **can** be held liable for aiding and abetting such an employer in violating the LAD. See Hurley, 174 F.3d 95; Baliko v. Stecker, 275 N.J. Super. 182, 191 (App. Div. 1994) (holding in a LAD case against a union that "[i]f one [union] member assists, supports, encourages, and supplements the efforts of another... individual members may be liable as aiders and abettors"). Therefore, based upon the foregoing, it is readily apparent that the individual defendant Gore in this matter may be held responsible for "aiding and abetting" her employers' violations of the respective statutes supporting Plaintiff's claims.

In his Complaint, Plaintiff adequately alleges each *prima facie* element of "aiding and abetting" as to the conduct of Defendants in regards to the discriminatory and retaliatory termination of Plaintiff's employment. Specifically, as directly outlined in the Complaint: (1) the corporate defendant and Gore discriminated and retaliated against plaintiff by terminating his employment due to his disability and in retaliation for his protected medical leave and (2) Gore was aware of her role, as supervisor, in both handling the aforementioned protected activity

17

and ultimately carrying out the discriminatory and retaliatory termination of Plaintiff following other retaliatory acts; and (3) Gore knowingly and substantially assisted in the unlawful termination of Plaintiff's employment through her role in the leadup to and actual termination of Plaintiff's employment. Following this same reasoning and in line with the extensive precedent maintained above, this very Court remanded the case in Berckman to State Court because plaintiff had sufficiently alleged an aiding and abetting claim under Tarr **by simply placing defendants on noticethat such a claim would be pursued**.

Although defendant seems to argue same in their removal of this matter, the "aiding and abetting" provision is in no way limited to particular contexts or acts and/or even particular classes of individuals. Specifically, N.J.S.A. 10:5-12{e} provides:

> For any person, **whether an employer or an employee or not**, to aid, abet, incite, compel or coerce the **doing of any ofthe acts forbidden under this act**, or to attempt to do so.

N.J.S.A. 10:5-12(e) (emphasis provided).

As such, "aiding and abetting" liability has been found ina variety of contexts. In the aforementioned decision Baliko, the Court was faced with a sexual harassment suit against a local union and several of the union's individual members, whowere alleged to have created a hostile work environment for individuals who were

18

**neither** members of the union nor technically co-workers of plaintiffs. Baliko, 275 N.J. Super. at 186-89. In addition to finding that the union could be held liable under N.J.S.A. 10:5-12(e) as a "labor organization," theCourt also determined that the union members could be "aiders and abettors" to the conduct within the workplace attributable to the union. Id. Similar to the union workers in Baliko, theDefendants in this case, including the individual aider and abettor Gore, assisted one another through the specific actions or inactions as detailed above and in Plaintiff's Complaint in violation of the statutes referenced therein. As such, in no way can Defendants even begin to overcome the substantial burdenthey face on this motion.

In the end, Defendant cannot meet the substantial burden it faces in establishing "fraudulent joinder" given the clear language in Plaintiff's Complaint maintaining viable claims against the individual Defendant Gore. To suggest same ignoresthe clear precedent maintained above and the fact that the subject Complaint very clearly places defendant on notice that Plaintiff intends to pursue such viable claims against these individuals. As such, Plaintiff respectfully requests that this matter be remanded to State Court at this time.

## POINT II

### DEFENDANTS SHOULD BE COMPELLED TO PAY PLAINTIFF ATTORNEYS FEES INCURRED AS A RESULT OF THE BASELESS REMOVAL OF THIS MATTER

**A. There Was No Objectively Reasonable Basis to File a Notice of Removal in This Matter as the Lack of Subject Matter Jurisdiction Was Overwhelmingly Apparent on the Face of the Complaint**

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Based upon the clear and unmistakable legal authority maintained above, there existed no objectively reasonable basis to believe removal was proper in this matter and Plaintiff was thereafter forced to incur both expenses and attorney fees by the filing of the instant motion. Therefore, justice requires that Defendant compensate Plaintiff for all costs, expenses and attorneys' fees incurred in pursuit of having this matter remanded to state court.

Both the Supreme Court and the Third Circuit have provided guidance in applying the standards for an award of fees under § 1447(c). Specifically, the Supreme Court has explained that Congressional intent reveals that the district courts are given discretion to award fees and that there is "nothing to persuade us that fees under § 1447(c) should either usually be granted or usually be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 139 (2005). Although The Court in Martin thus rejected an argument

20

that fees should be awarded automatically under § 1447(c), the Court also specifically rejected the argument thatfees should only be awarded when the removal notice was "frivolous, unreasonable, or without foundation." Id. at 138.

Instead, the Court adopted a standard that fell somewhere in between by holding that fees are proper under § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." Id. at 141. In providing this standard, the Court explained the overarching purpose behind a fee award under § 1447(c):

> The process of removing a case to federal court andthen having it remanded back to state court delaysresolution of the case, imposes additional costs onboth parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.

Id. at 140.

This line of thinking was also espoused in Mints v. Educational Testing Service, 99 F.3d 1253 (3d Cir. 1996), in which the Third Circuit found that "the district court may require the payment of fees and costs by a party which removed acase which the court then remanded, even though the party removing the case did not act in bad faith." Mints, 99 F.3d at1260. While not expounding upon the outer boundaries of where fee awards are proper, the Court upheld the award in Mints because the asserted basis for removal was "at best insubstantial." Id. at 1261.

21

In applying this broad standard, Courts have repeatedly imposed attorneys' fees under § 1447(c). For instance, in the analogous case <u>Ingemi v. Pelino & Lentz</u>, 866 F. Supp. 156 (D.N.J. 1994), fees were imposed fees upon the District Court's rejection of defendants' "fraudulent joinder" argument:

> <u>It is clear from the face of the complaint that plaintiff asserted a claim against non-diverse defendants. Any attorney reviewing the complaint was on notice that this claim, if colorable, defeated federal court jurisdiction and could not be resolved without a fact-intensive investigation.</u>.
>
> In the interest of judicial economy, <u>the most efficient and cost-effective way to resolve whether the New Jersey defendants were properly named in the suit was for the New Jersey defendants to move to dismiss the complaint against them in state court</u>. Ifthe New Jersey defendants wished to test their legal theory that they were truly nominal defendants, they should have done so while in state court, the more appropriate forum in which to resolve issues of statelaw. . . .Moreover, if the New Jersey defendants had litigated this question in state court, the district court would not have expended valuable time. <u>Defendants' diligence and foresight would have eliminated the legal costs associated with plaintiff'smotion to remand that the must now bear</u>.

<u>Ingemi</u>, 866 F.Supp. at 163 (emphasis provided); <u>see also</u> <u>Doughtery, Clifford & Wadsworth Corp. v. Magna Grp. Inc.</u>, No. CIV A 07-1068 HAA, 2007 WL 2300719, at *2 (D.N.J. Aug. 6, 2007)(quoting <u>Syms, Inc. v. IBI Sec. Serv., Inc.</u>, 586 F.Supp. 53, 56 - 57 (S.D.N.Y.1984))("District courts may properly [award costs] where removal ... is predicated upon a diversity of citizenship that

22

clearly does not exist"); al Lier v. Sit, 913 F. Supp. 868, 878 n.10 (D.N.J. 1996) (awarding fees under § 1447(c) where "it does not appear the Defendants thoroughly researched the issues raised"}; Township of Whitehall v. Allentown Auto Auction, 966 F. Supp. 385, 386 (E.D. Pa. 1997)(fee award under § 1447(c) was particularly appropriate where the lack of jurisdiction "would have been revealed to counselfor the defendant with a minimum of research"); Portside Investors, L.P. v. Northern Ins. Co., 253 F. Supp. 2d 835, 838(E.D. Pa. 2003) (§ 1447(c) fee award proper where defense counsel failed to undertake adequate research to verify jurisdiction existed, and instead "forced the issue" by filing notice of removal); Espinosa v. Continental Airlines, 80 F. Supp. 2d 297, 306-07 (D.N.J. 2000)(awarding fees where defendants did not present a "colorable claim of jurisdiction").

Several factors support the clear determination that the instant Defendant had absolutely no reasonable basis for removal:

- The Complaint on its face contains no claims under federal law and contains no other basis for federal subject matter jurisdiction.

- Defendant in the filing for removal states no basis for removal based upon a claim under federal law.

- Defendant in the filing assert diversity jurisdiction forthe basis for removal but admit that Plaintiff and defendant Gore are citizens of New Jersey.

- Gore is not just a party simply named in the Complaint but, as Plaintiff's supervisor was integrally involved in the facts, including Plaintiff's termination and the

overall processes and actions of the company, which constitute the basis for the subject claims.

- Plaintiff expressly asserts a claim of aiding and abetting directly against defendant Gore within the counts of the Complaint.

- The LAD provides for a claim of aiding and abetting against individuals, or "persons," such as Gore.

- In seemingly every discernible decision within the District of New Jersey wherein defendants asserted "fraudulent joinder" in regards to an individual defendant and/or aider and abettor, no "fraudulent joinder" was found.

- Both the Third Circuit and District of New Jersey have expressly and unequivocally held that a "fraudulent joinder" analysis is not to be in consideration of the merits of a party's claims under R. 12(b)(6). However, Defendant only seeks to argue the merits of Plaintiff's claims in their removal filing and in no way point to a reason beyond such merits (i.e. statute of limitations orother such unequivocal defenses) which would entitle them to relief.

Nonetheless, and with absolutely no basis for doing so, defendant removed this matter, delaying same and causing undue burden and expense.

We have explained in the accompanying affidavit that the time spent and/or hourly billing amount will be detailed in plaintiff's reply papers given that the total amount of hours tobe expended is unknown at this time prior to its full briefing. Nonetheless and notwithstanding this amount to be provided, given the clear purpose of deterring improper removals such as the one in the instant case, fees are entirely within the Court's discretion in both hourly and

24

contingency cases.  <u>Gotro v. R&B Realty Group</u>, 69 F.3d 1485, 1487-88  (9th Cir. 1995).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand this matter to state court and for an award of attorneys' feesunder 28 U.S.C. § 1447(c) should be granted at this time.


Respectfully submitted,
O'Connor, Parsons, Lane & Noble, LLC

By:_____
Robert A. Ballard, III, Esq.