**O'CONNOR, PARSONS, LANE & NOBLE, LLC**
Gregory B. Noble, Esq. (#017601998)
R. Daniel Bause, Esq. (#019122011)
Robert A. Ballard, III, Esq. (#087192014)
959 South Springfield Avenue, 2nd Floor
Springfield, New Jersey 07081
Phone: 908-928-9200
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**STATE OF NEW JERSEY**

| | |
|---|---|
| JOSEPH VASTOLA,<br><br>  Plaintiff,<br><br>v.<br><br>STERLING, INC. d/b/a SIGNET JEWELERS; ARIEL GORE, both individually and in her capacity as a supervisor with Sterling, Inc. d/b/a Signet Jewelers; JANE DOE I-V (these names being fictitious as their present identities are unknown); JOHN DOE I-V (these names being fictitious as their present identities are unknown); XYZ CORPORATION I-V (these names being fictitious as their present identities are unknown)<br><br>  Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: SOMERSET COUNTY<br>DOCKET NO: SOM-L-841-21<br>Case No. 3:21-cv-14089<br><br>Civil Action<br><br>**AFFIDAVIT OF**<br>**ROBERT A. BALLARD, III** |

   ROBERT A. BALLARD, III, being duly sworn according to law, upon his oath, deposes and says:

   1.   I am an attorney-at-law of the State of New Jersey and a member of the law firm of O'Connor, Parsons, Lane & Noble,

LLC, attorneys for plaintiff in this matter, I have knowledge of the information set forth herein.

2. This matter was filed in the Superior Court of New Jersey, Law Division, Somerset County, (Docket No. SOM-L-841-21). Annexed hereto as **Exhibit A** is a true and accurate copy of the Complaint in this matter.

3. Plaintiff successfully served Defendants on June 29, 2021 and July 24, 2021.

4. Defendant filed a Notice of Removal under 28 U.S.C. § 1446(b) on July 23, 2021.

5. This removal appears to be based upon a theory that Diversity Jurisdiction allegedly exists pursuant to the fraudulent joinder doctrine in regard to the claims brought against Ariel Gore, who is a citizen of New Jersey.

6. Plaintiff's Complaint features three (3) separate claims which all fall exclusively under New Jersey state law and in no way implicates federal law: (1) Disability Discrimination in violation of New Jersey Law Against Discrimination ("LAD"); (2) Unlawful Retaliation under the LAD due to the retaliation Plaintiff sustained as a result of his protected leave; and (3) an aiding and abetting liability claim as to the individual defendant Ariel Gore with regard to aforementioned claims of retaliation and discrimination due to her encouragement and/or assistance in effectuating and/or carrying out same.

7.   In no way does Plaintiff's Complaint raise any claim under federal law.

8.   Furthermore, Ms. Gore, a party with supervisory authority over Plaintiff, is alleged to have been intricately involved in the events maintained in the Complaint, including retaliatory and discriminatory termination of Plaintiff's employment and specific events leading up to same that implicate the aforementioned statutory claims.

9.   Nonetheless, Defendant alleges that Ms. Gore was fraudulently joined in the matter and, as a result, her New Jersey citizenship should be disregarded as relating to 28 U.S.C. § 1441 (b)(2), the forum defendant rule.

10.   28 U.S.C. § 1447 allows remand of a matter to State Court where, among other things, there are doubts about whether federal subject matter jurisdiction exists.

11.   Furthermore, also under 28 U.S.C. § 1447, the moving party is entitled to attorneys' fees incurred as a result of the filing of the motion to remand.

12.   Given the liberal pleading standard in New Jersey and because plaintiff brings no form of federal claim, plaintiff respectfully requests the Court to enter an Order remanding the matter to State court.

13.   Plaintiff will rely on the attached brief in support of his motion for remand and for attorney's fees and costs.

14.  I currently do not have a complete bill for the time required to file the instant motion but will include same with my reply papers as to allow the Court to determine the appropriate attorney's fees and costs.

15.  Attached hereto as **Exhibit B** is a true and complete copy of the unpublished decision in Berckman v. United Parcel Serv., No. CIV.A. 07-5245 JBS, 2007 WL 4080372 (D.N.J. Nov. 14, 2007.

16.  Attached hereto as **Exhibit C** is a true and complete copy of the unpublished decision in Doughtery, Clifford & Wadsworth Corp. v. Magna Grp. Inc., No. CIV A 07-1068 HAA, 2007 WL 2300719 (D.N.J. Aug. 6, 2007).

17.  Attached hereto as **Exhibit D** is a true and complete copy of the unpublished decision in Tschirhart v. United Airlines, 1997 WL 199154 (D.N.J. Mar. 25, 1997).

I hereby certify that the foregoing statements made by me are true.  I am aware the if any of the foregoing statements made by me are willfully false, I am subject to punishment.

ROBERT A. BALLARD, III
(08719-2014)

DATED:  August 5, 2021

Sworn to and Subscribed before me
this  5th  day of August, 2021.

_____
Notary Public of the State of New Jersey

R. Daniel Burns, Esq.
Attorney at Law - Sta of NJ
#019122011

# EXHIBIT A

SOM-L-000841-21   06/18/2021 3:00:05 PM   Pg 1 of 13 Trans ID: LCV20211469567

**O'CONNOR, PARSONS, LANE & NOBLE, LLC**
Gregory B. Noble, Esq. (#017601998)
R. Daniel Bause, Esq. (#019122011)
Robert A. Ballard, III, Esq. (#087192014)
959 South Springfield Avenue, 2nd Floor
Springfield, New Jersey 07081
Phone: 908-928-9200
Attorneys for Plaintiff

| JOSEPH VASTOLA, | SUPERIOR COURT OF NEW JERSEY |
|---|---|
| Plaintiff, | LAW DIVISION: SOMERSET COUNTY |
| | DOCKET NO: |
| v. | |
| | Civil Action |
| STERLING, INC. d/b/a SIGNET JEWELERS; ARIEL GORE, both individually and in her capacity as a supervisor with Sterling, Inc. d/b/a Signet Jewelers; JANE DOE I-V (these names being fictitious as their present identities are unknown); JOHN DOE I-V (these names being fictitious as their present identities are unknown); XYZ CORPORATION I-V (these names being fictitious as their present identities are unknown) | **COMPLAINT AND JURY DEMAND** |
| Defendants. | |

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1      Plaintiff, Joseph Vastola ("plaintiff" or "Mr. Vastola"), has an address of 79 Pike View Lane, Woodbridge, NJ 07095, and at all times relevant hereto was employed by Defendant Sterling Jewelers, Inc.

2.      Defendant, Sterling Jewelers, Inc. ("Signet," "Signet Jewelers" or "the Company"), is a company with the principal business address of  375 Ghent Rd., Akron, OH 44333, which had the plaintiff in its employ during the relevant time periods

herein. Defendant Sterling Jewelers, Inc. regularly conducts business in Somerset County and maintains an office in Somerset County

3.     Defendant Ariel Gore ("Moore") resides at 4 Orchard Rd., Park Ridge, NJ 07656, and at all times relevant hereto was employed by defendant Sterling Jewelers, Inc., supervised Plaintiff and/or played a role in the adverse employment action(s) taken against Plaintiff. Moore was also aware of the unlawful, retaliatory and discriminatory conduct engaged in by defendant Sterling Jewelers, Inc., and condoned and/or ratified same.

4.     At all times relevant hereto, the defendants Jane Doe I-V and John Doe I-V are fictitious names used to identify those individuals which names are presently unknown that engaged in wrongful acts outlined herein and their identities are presently unknown.

5.     At all times relevant hereto, the defendants XYZ Corporation I-V are fictitious names used to identify those corporations which names are presently unknown but include corporations incorporated under the laws of the State of New Jersey and/or other states and had in plaintiff under their employ.

6.     Mr. Vastola commenced employment with Sterling Jewelers, Inc. in or around November 2017 as a Luxury Fashion and Timepiece Manager. In this position, Mr. Vastola was responsible for training sales employees, building client profiles, tracking phone calls in the Company's electronic sales system, customer service and assisting in sales.

7     For the duration of his employment, Mr. Vastola worked out of the Company's Jared store located in Watchung, NJ.

8.    Mr. Vastola was a strong performer in his role as a Luxury Fashion and Timepiece Manager and had no write ups or performance issues prior to his taking of a brief medical leave to address his disability.

9.    On or about June 14, 2019, Mr. Vastola was forced to take an approximate one-month medical leave in order to attend an outpatient treatment facility to address his opioid addiction.

10.    Mr. Vastola properly notified the Company's Human Resources department and provided them with the necessary paperwork and medical documentation to apply for leave under the Family and Medical Leave Act ("FMLA").

11.    When Mr. Vastola returned from his medical leave, he was subjected to commentary and actions by the Company's upper management which caused him to feel that information regarding his disability and need for leave were disclosed to employees outside of the Human Resources department.

12.    For example, Kent Moore, the area's Loss Prevention Manager, made a comment to Mr. Vastola upon his return about "fighting demons," a clear reference to battling an addiction.

13.    Moreover, Mr. Vastola was subjected to his first write up with the Company shortly after his return from medical leave.

14.    Then, in or around March of 2020, Mr. Vastola was furloughed along with the rest of the sales employees in response to the Covid-19 pandemic.

15.    In or around May of 2020, the Company began to bring back employees from furlough, although Mr. Vastola continued to be on furlough.

16.   In September, Mr. Vastola received a phone call from his District Manager, Ariel Gore, who informed him that his employment with the Company was being terminated, as the Company did not have enough hours for him.

17.   This was in direct contradiction to a letter sent by the Company to Mr. Vastola on September 14, 2020, which indicated that he was given the option of returning to work in a different position or at a different location.

18.   Furthermore, the Company created job postings for Plaintiff's exact position in September of 2020.

19.   Upon information and belief, Plaintiff was replaced by an individual outside of his protected class.

## FIRST COUNT

### New Jersey Law Against Discrimination
### Disability Discrimination/Perceived Disability Discrimination/Failure to Accommodate

20.   Plaintiff hereby incorporates each and every allegation of the within paragraphs of this Complaint as if they were fully set forth at length herein.

21.   Plaintiff suffered from a recognized handicap/disability under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("LAD"), in that he suffered from an opioid addiction, requiring medical treatment, a medical leave and/or light duty accommodations.

22.   Plaintiff suffered adverse employment action and was terminated on account of his disability in violation of the LAD.

23   Plaintiff was terminated on account of a perception by his employer that he was disabled in violation of the LAD.

24      Plaintiff was unlawfully discriminated against based on the perception of the defendant that he was unable to perform the essential functions of his job.  Said conduct also violates the LAD

25.     Defendant also failed to accommodate plaintiff's disability by failing to provide him a medical leave he was entitled to and by terminating his employment. Defendant also failed to engage plaintiff in the interactive process as to these reasonable accommodations.

26.     Plaintiff has been severely injured as a result of such discrimination that he has suffered, and continues to suffer, severe emotional distress, humiliation, embarrassment, anguish, physical and bodily injuries, personal hardship, career and social disruption, psychological and emotional harm, economic losses, lost employment opportunities, and other such damages.

WHEREFORE, plaintiff, Joseph Vastola, demands judgment against defendants, STERLING JEWELERS, INC d/b/a SIGNET JEWELERS; ARIEL GORE, both individually and in her capacity as a supervisor with Sterling Jewelers, Inc d/b/a Signet Jewelers, JANE DOE I-V (these names being fictitious as their present identities are unknown); JOHN DOE I-V (these names being fictitious as their present identities are unknown); XYZ CORPORATION I-V (these names being fictitious as their present identities are unknown), jointly and severally, for harm suffered as a result of defendants' handicap and/or perceived handicap discrimination/failure to accommodate as follows:

    a.      compensatory damages;

    b.      consequential damages;

    c       punitive damages;

d.  his attorneys' fees with appropriate enhancement under <u>Rendine</u> <u>v. Pantzer</u>, 141 <u>N.J.</u> 292 (1995);

e.  costs of suit;

f.  interest; and

g.  such other relief the court may deem equitable and just

## SECOND COUNT

### New Jersey Law Against Discrimination
### Unlawful Retaliation

1.  Plaintiff repeats and realleges each and every allegation of the within paragraphs of this Complaint as if set forth at length herein.

2.  As set forth herein, after plaintiff requested, secured and/or took certain accommodations, including medical leave he was entitled to under the LAD, his employment was terminated.

3.  Defendants' conduct towards plaintiff, specifically the unwarranted retaliation he was subjected to through the termination of his employment, constitutes unlawful retaliation for his exercise and/or attempted exercise of rights under the LAD.

4.  Plaintiff has been severally injured as a result of such retaliation that he has suffered, and continues to suffer, physical and bodily injuries, severe emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, lost employment opportunities, and other such damages.

WHEREFORE, plaintiff, Joseph Vastola, demands judgment against defendants, STERLING JEWELERS, INC. d/b/a SIGNET JEWELERS; ARIEL GORE, both individually and in her capacity as a supervisor with Sterling Jewelers, Inc. d/b/a

Signet Jewelers, Jane Doe I-V (these names being fictitious as their present identities are unknown) John Doe I-V (these names being fictitious as their present identities are unknown); XYZ Corporation I-V (these names being fictitious as their present identities are unknown), jointly and severally, for harm suffered as a result of defendants' retaliation as follows:

       (a)    full compensation for back pay and benefits with full remuneration, with interest,

       (b)    full compensation for front pay and benefits with full remuneration, with interest;

       (c)    compensatory damages;

       (d)    consequential damages;

       (e)    punitive damages,

       (f)    pre-judgment interest;

       (g)    attorneys' fees with appropriate enhancement under Rendine v. Pantzer, 141 N.J. 282 (1995); and

       (h)    such other relief as may be available pursuant to the LAD in which this court deems to be just and equitable.

## THIRD COUNT

### Aiding and Abetting Liability

31.    Plaintiff repeats and realleges each and every allegation of the within paragraphs of this complaint as if set forth at length herein.

32.    Defendants, by their actions and inactions, condoned and ratified the retaliation, discrimination and harassment outlined in Counts One and Two perpetrated against Plaintiff.

33.   Defendants had knowledge that the retaliation, harassment and/or discrimination was occurring, had knowledge that it was a violation of the law, and substantially encouraged and/or assisted in same.

34.   Said defendants are liable under the LAD for aiding and abetting discrimination and retaliation in violation of the LAD.

35.   The conduct engaged in by defendants constitutes egregious behavior and/or willful indifference by upper management by the rights of plaintiff sufficient to subject defendants to punitive damages under the LAD.

36.   Plaintiff has been severely injured as a result of such aiding and abetting in that he has suffered, and continues to suffer, physical and bodily injuries, severe emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, loss employment opportunities, and other such damages

WHEREFORE, Plaintiff, Joseph Vastola, demands judgment against defendants, STERLING JEWELERS, INC. d/b/a SIGNET JEWELERS, ARIEL GORE, both individually and in her capacity as a supervisor with Sterling Jewelers, Inc. d/b/a Signet Jewelers; JANE DOE I-V (these names being fictitious as their present identities are unknown), JOHN DOE I-V (these names being fictitious as their present identities are unknown); XYZ CORPORATION I-V (these names being fictitious as their present identities are unknown) for harm suffered as a result of defendants' aiding and abetting as follows.

(a)   full compensation for back pay and benefits with full remuneration, with interest;

(b)   full compensation for front pay and benefits with full remuneration,

with interest;

       (c)    compensatory damages,

       (d)    consequential damages;

       (e)    punitive damages,

       (f)    pre-judgment interest;

       (g)    attorneys' fees and costs with appropriate enhancement under

Rendine v. Pantzer, 141 N.J. 292 (1995); and

       (h)    such other relief as may be available pursuant to the LAD in which

this court deems to be just and equitable.

                           O'CONNOR, PARSONS, LANE & NOBLE, LLC
                           Attorneys for Plaintiff

                           By: _____
                                   GREGORY B. NOBLE

DATED:  June 14, 2021

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues.

                           O'CONNOR, PARSONS, LANE & NOBLE, LLC
                           Attorneys for Plaintiff

                           By: _____
                                   GREGORY B. NOBLE

DATED.  June 14, 2021

## DESIGNATION OF TRIAL COUNSEL

Please take notice that pursuant to Rule 4:25-4, Gregory B. Noble, Esq. is hereby designated as trial counsel in the within matter.

## CERTIFICATION PURSUANT TO RULE 4:5-1

The undersigned, Gregory B. Noble, certifies on behalf of the plaintiff as follows:

1.    I am an attorney admitted to practice law in the State of New Jersey, counsel for the above-named plaintiff in the subject action.

2.    The matter in controversy in this case is not, to my knowledge, the subject of any other action pending in any court or pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

3.    There are no other parties who should be joined in this action that we are aware of at the present time.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

O'CONNOR, PARSONS, LANE & NOBLE, LLC
Attorneys for Plaintiff

By _____
GREGORY B. NOBLE

DATED. June 14, 2021

SOM L 000841-21   06/19/2021 4:11:17 AM  Pg 1 of 1 Trans ID: LCV20211472891

```
SOMERSET COUNTY SUPERIOR COURT
40 NORTH BRIDGE STREET
1ST FLR PO BOX 3000
SOMERVILLE          NJ 08876-1262
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (908) 332-7700
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:   JUNE 18, 2021
                         RE:     VASTOLA JOSEPH  VS STERLING INC. /D/B/A  SIGNET
                         DOCKET: SOM L -000841 21

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON ROBERT G. WILSON

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (908) 332-7700 EXT 13336.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                    ATT: GREGORY B. NOBLE
                                    O'CONNOR PARSONS LANE & NOBLE
                                    959 SOUTH SPRINGFIELD AVENUE, 2ND FL
                                    SPRINGFIELD      NJ 07081


ECOURTS
```

# EXHIBIT B

KeyCite Yellow Flag - Negative Treatment
Distinguished by Vazquez v Karcher North America, Inc., D N.J., October 8, 2013

2007 WL 4080372
Only the Westlaw citation is currently available.
United States District Court, D. New Jersey.

Frank X. BERCKMAN, Plaintiff,

v.

UNITED PARCEL SERVICE, et al., Defendants.

Civil Action No. 07–5245 (JBS).

|

Nov. 14, 2007.

**Attorneys and Law Firms**

Richard M. Pescatore, Esquire, Vineland, NJ, Attorney for Plaintiff.

Michael J. Wietrzychowski, Esquire, Schnader, Harrison, Segal & Lewis, LLP, Cherry Hill, NJ, Attorneys for Defendants.

MEMORANDUM OPINION

SIMANDLE, District Judge:

*1 The above-captioned employment case, arising under New Jersey Law, was recently removed to this Court by the defendants and it was filed on October 31, 2007 in the above docket. As in all cases, this Court reviews newly-filed matters to determine whether there is any question of subject matter jurisdiction. "[T]he district court may and should always determine *sua sponte* whether its subject-matter jurisdiction has been properly invoked by a removal petitioner." *Martin v. Wilkes–Barre Pub. Co.,* 567 F.Supp. 304, 306 (M.D.Pa.1983). *See also Medlin v. Boeing Vertol Co.,* 620 F.2d 957, 960 (3d Cir.1980) ("failure to challenge removal cannot confer subject matter jurisdiction which it does not otherwise possess upon the federal district court"). Where it appears that the Court lacks subject matter jurisdiction over a removed case, the Court shall remand it. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The defendant, as the party seeking to remove this case, bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court. *Samuel–Bassett v.*

*Kia Motors America, Inc.,* 357 F.3d 392, 396 (3d Cir.2004). Accordingly, the Court has examined the Notice of Removal in which the defendant's jurisdictional position is set forth.

In this case, the sole basis for removal is diversity of citizenship. *See* 28 U.S.C. §§ 1332 and 1441(a). The plaintiff is a New Jersey citizen, while Defendant United Parcel Service is a Delaware corporation with a principal place of business in Georgia, and UPS alleges that the co-defendant, Norman Perkins, who is also a New Jersey resident, has been fraudulently joined and his citizenship should be disregarded. If Perkins' citizenship is disregarded under the fraudulent joinder rule, then the case was properly removable, assuming also that the amount in dispute exceeds $75,000 pursuant to 28 U.S.C. § 1332.

To show that Perkins was fraudulently joined, and that his citizenship may be disregarded, Defendant UPS must demonstrate that "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *In re Briscoe,* 448 F.3d 201, 216 (3d Cir.2006) (quoting *Abels v. State Farm Fire & Cas. Co .,* 770 F.2d 26, 32 (3d Cir.1985)) (citation and quotation marks omitted). Such a claim against a non-diverse defendant must be "wholly insubstantial and frivolous" to be considered fraudulent, *Briscoe* at 217, quoting *Batoff v. State Farm Ins. Co.,* 977 F .2d 848, 851 -52 (3d Cir.1992). Although fraudulent joinder determinations are often made in the context of a remand motion, there is no requirement that this be so, given the fraudulent joinder issue raised and briefed by the removing party in the removal petition itself, and given this Court's authority to determine its own jurisdiction without necessity of formal motion practice under Fed.R.Civ.P. 12(h)(3) and 28 U.S.C. § 1447(c).

*2 The citizenship of Norman Perkins should not be disregarded under the fraudulent joinder rule. The Complaint alleges that Norman Perkins aided and abetted the unlawful actions of the employer, UPS, in violation of the New Jersey Law Against Discrimination. (Second Count, paragraph 1.) Although Mr. Wietrzychowski's Notice of Removal acknowledges that an individual employee may be liable under the New Jersey Law Against Discrimination for aiding and abetting pursuant to N.J. Stat. Ann. § 10:5–12e, Mr. Wietrzychowski makes an argument that is better raised as a motion to dismiss for failure to state a claim,[1] or for summary judgment because it turns upon the facts. Whether

or not defendant Perkins may be proved to be an aiderand-abetter under the New Jersey Law Against Discrimination is a matter that must be determined in due course, and not upon a petition for removal. Unless the joinder of Perkins was fraudulent, however, the merits cannot be addressed because this Court lacks jurisdiction to do so. Ultimately, Plaintiff will be required to prove that Mr. Perkins (1) aided UPS in performing a wrongful act that causes an injury; (2) was generally aware of his role as part of an overall illegal or tortious activity at the time he provided assistance; and (3) knowingly and substantially assisted the principal violation. *Tarr v. Ciasulli,* 181 N.J. 70, 84 (2004)(citing *Hurley v. Atlantic City Police Dep't,* 174 F.3d 95, 127 (3d Cir.1999)).

The Court disagrees with Defendant's assertion that the language of the Complaint precludes Plaintiff from meeting this standard as the case develops; Plaintiff is not required to prove his case against Mr. Perkins in order to overcome the "fraudulent joinder" accusation. Because "fraudulent joinder" is a legal conclusion necessary to establish subject matter jurisdiction upon this removal, the Defendant has the burden to show that the law would not permit a recovery against Perkins. The Complaint against Mr. Perkins satisfies the notice pleading requirements and alleges that Perkins in fact is an aider-and-abetter, having participated in the employer's refusal to provide reasonable accommodation, and thereby may be liable under the New Jersey Law Against Discrimination. The identification of Mr. Perkins as a defendant against whom NJLAD liability is alleged suffices to count him as a party for jurisdictional purposes. Nothing in the Complaint negates Plaintiff's ability to satisfy the three prongs of aider-and-abetter liability. Even if there is legal ambiguity as to the satisfaction of these required elements of proof, any such ambiguity as to the current state of controlling

substantive law is also to be resolved in favor of the plaintiff. *Batoff, supra,* 977 F.2d at 852.

Accordingly, this Court cannot conclude that the joinder of Mr. Perkins was fraudulent or that his citizenship should be disregarded. Likewise, this Court does not predict whether or not Plaintiff's claim against Mr. Perkins will be meritorious, nor does the Court decide whether Plaintiff's complaint against Perkins can survive a motion to dismiss for failure to state a claim or a motion for summary judgment. The Complaint, on its face, is sufficient to retain Mr. Perkins as a party because it clearly alleges aider-and-abetter liability under the NJLAD against him as an individual. Such a claim does not lie within the jurisdiction of this Court because Plaintiff and Defendant Perkins are both citizens of New Jersey. The case must be remanded.

**\*3** In the event that Mr. Perkins is dismissed from this suit at some future date, the case will, for the first time, become properly removable to the Federal Court on the basis of diversity of citizenship. *See* 28 U.S.C. § 1446(b). So long as Mr. Perkins is a defendant accused of a cognizable violation of the New Jersey Law Against Discrimination, his citizenship matters and defeats diversity jurisdiction.

For these reasons, the Court concludes that diversity jurisdiction is lacking and this Court will remand the case to the Superior Court of New Jersey, Atlantic County, for further proceedings.

The accompanying Order will be entered.

**All Citations**

Not Reported in F.Supp.2d, 2007 WL 4080372

Footnotes

1    Defendant Perkins has filed a motion to dismiss for failure to state a claim on November 7, 2007 (Docket Item 5). Such a motion cannot be decided unless this Court has subject matter jurisdiction.

© 2020 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT C

2007 WL 2300719

2007 WL 2300719
Only the Westlaw citation is currently available.
NOT FOR PUBLICATION
United States District Court, D. New Jersey.

DOUGHTERY, CLIFFORD &
WADSWORTH CORP., Plaintiff,
v.
The MAGNA GROUP INC., et. al., Defendants.

Civil Action No. 07–1068 (HAA).
|
Aug. 6, 2007.

**Attorneys and Law Firms**

Marc D. Garfinkle, Esq., Maplewood, NJ, for Plaintiff.

Andrew John Calcagno, Esq., Calcagno & Associates, LLP,
Cranford, NJ, for Defendant, The Magna Group, Inc.

Marc E. Leibman, Esq., Kaufman, Bern & Deutsch, LLP, Fort
Lee, NJ, for Defendants, Infiniti of Greenwich, LLC; Giuffre
Hyundai LTD.; Giuffre Auto Group, LLC; Stevens Chrysler
Dodge, Inc.; and Stevens Ford, Inc.

*OPINION AND ORDER ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION*

ACKERMAN, Senior District Judge.

**\*1** This matter comes before the Court on a motion (Docket
No. 3) by Plaintiff Doughtery, Clifford & Wadsworth Corp.
("Doughtery" or "Plaintiff") to remand the proceedings to the
Supreme Court of the State of New York, Suffolk County,
pursuant to 28 U.S.C. § 1447(c). Defendant The Magna
Group, Inc. ("Magna") removed the action to this Court.
The Court referred this motion to Magistrate Judge Esther
Salas, who entered a Report and Recommendation ("R & R")
(Docket No. 17) on June 19, 2007. Magistrate Judge Salas
recommended that Plaintiff's motion to remand be granted and
that attorneys' fees be awarded to Plaintiff. Neither party has
filed an objection to the R & R.

A court must make a *de novo* determination of those portions
of the R & R to which objection is made and "may accept,
reject, or modify, in whole or in part, the findings or
recommendations made by the Magistrate Judge." L. Civ. R.
72.1(c)(2); *see also* 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P.

72(b). While this Court need not review a Magistrate Judge's
report before adopting it when no objections have been filed,
*Thomas v. Arn*, 474 U.S. 140, 149 (1985), the Third Circuit
has held that "the better practice is to afford some level
of review to dispositive legal issues raised by the report,"
*Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.1987). "[I]t
must be assumed that the normal practice of the district judge
is to give some reasoned consideration to the magistrate's
report before adopting it as the decision of the court." *Id.* at
878.

After a careful review of the record, this Court agrees with
Magistrate Judge Salas's R & R and adopts her analysis and
conclusions. As noted in the R & R, remand is appropriate
because Magna removed this matter without obtaining the
consent of all Defendants. Furthermore, Magna removed to
the wrong Court. Remand is required in this matter for an
additional, fundamental reason: the parties are not completely
diverse and thus this Court lacks subject matter jurisdiction.
Although this particular issue was not raised by the parties,
this Court has the ability and obligation to address concerns of
subject matter jurisdiction *sua sponte. Gosa v. Mayden*, 413
U.S. 665, 707 (1973) ("One of the most basic principles of
our jurisprudence is that subject-matter jurisdiction cannot be
conferred upon a court by consent of the parties.").

When an action is removed from a state court, "[i]f at any
time before final judgment it appears that the district court
lacks subject matter jurisdiction, the case shall be remanded."
28 U.S.C. § 1447(c). Subject matter jurisdiction in the
instant action is premised solely on diversity jurisdiction. 28
U.S.C. § 1332(a)(1). For the purpose of diversity jurisdiction,
"a corporation shall be deemed to be a citizen of any
State by which it has been incorporated and of the State
where it has its principal place of business." 28 U.S.C. §
1332(c); *Grand Union Supermarkets of the V.I., Inc. v. H.E.
Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir .2003).
Furthermore, "[j]urisdiction under 28 U.S.C. § 1332(a)
(1) requires complete diversity of the parties; that is, no
plaintiff can be a citizen of the same state as any of
the defendants." *Id* . (citing *Carden v. Arkmona Assocs.*,
494 U.S. 185, 187 (1992) ("Since its enactment, we have
interpreted the diversity statute to require 'complete diversity'
of citizenship." (citation omitted))). Thus, at the time the
complaint is filed, where a plaintiff and defendant are citizens
of the same state, there exists no complete diversity and
therefore no basis for diversity jurisdiction under § 1332(a)
(1). *Grand Union Supermarkets of the V.I.*, 316 F.3d at 410.

2007 WL 2300719

**\*2** In its Complaint filed in the Supreme Court of New York, County of Suffolk, Plaintiff asserts that it is "a Delaware Corporation." (Pl.'s Compl. ¶ 1; Docket No. 1, Ex. A.) No party has disputed this assertion. Likewise, in its notice of removal filed pursuant to 28 U.S.C. § 1446(a), Magna acknowledges Plaintiff's Delaware incorporation status, and further asserts that its co-defendant, Infiniti of Greenwich, LLC ("Infiniti"), "was and remains a corporation of the State of Delaware." (Docket No. 1, ¶¶ 11, 13.) No party, including Infiniti, has disputed this assertion. [1]

Thus, by the very terms of Magna's own notice of removal, both Plaintiff and Defendant Infiniti are citizens of Delaware, and therefore complete diversity is lacking. 28 U.S.C. § 1332(a). Because there exists no diversity of citizenship, and as discussed in Magistrate Judge Salas's R & R, Magna removed the matter without obtaining the consent of all Defendants, this court lacks subject matter jurisdiction and remand is appropriate. 28 U.S.C. § 1447(c).

Finally, this Court will address the issue of attorneys' fees and costs. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. "[A]n award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales." *Martin v. Franklin Capital Corp*, 546 U.S. 132, 139 (2005). The Supreme Court established the standard for awarding fees under § 1447(c) in *Martin*:

> Congress thought fee shifting appropriate in some cases. The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.... In light of these large objectives, the standard for awarding fees should turn

on the reasonableness of the removal. Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.

546 U.S. at 140–41 (internal citations and quotation marks omitted). This rationale is particularly strong in the instant motion, where Magna owns notice of removal premised this Court's jurisdiction solely on diversity of citizenship under 28 U.S.C. § 1332(a), and at the same time conceded that both Defendant Infiniti and Plaintiff Dougherty were Delaware corporations. (Docket No. 1, ¶¶ 11, 13.) [2] "District courts may properly [award costs] where a removal ... is predicated upon a diversity of citizenship that clearly does not exist." *Syns, Inc. v IBI Sec. Serv., Inc.,* 586 F.Supp. 53, 56–57 (S.D.N.Y.1984); *see also Dunkin Donuts of Am. v. Family Enters., Inc.,* 381 F.Supp. 371, 373 (D.Md.1974) ("In light of the fact that lack of jurisdiction was obvious from the face of the petition, the Court feels warranted in ordering the payment by the defendant to the plaintiff of the costs of the proceeding before this Court."). Therefore, the instant removal is clearly one where Magna "lacked an objectively reasonable basis for seeking removal," *Martin,* 546 U.S. at 141, and the Court agrees with Magistrate Judge Salas's recommendation that Plaintiff be awarded "payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

**Conclusion & Order**

**\*3** For the foregoing reasons, it is hereby ORDERED that Plaintiff's motion to remand (Docket No. 3) is GRANTED, and that this case is REMANDED to the Supreme Court of New York, County of Suffolk. It is hereby further ORDERED that attorneys' fees be awarded to Plaintiff, as recommended by Magistrate Judge Salas's R & R, in the amount of $7,973.24.

**All Citations**

Not Reported in F.Supp.2d, 2007 WL 2300719

Footnotes

1    Infiniti has submitted no pleadings in this case, as the deadline for Infiniti's Answer has been stayed pending the Court's decision on the instant motion. Therefore, Infiniti itself has neither verified nor denied that it is a Delaware corporation.

2007 WL 2300719

However, Infiniti did file an informal letter with this Court requesting that "the matter be removed to the U.S. Federal Court for the Eastern District of New York in Brooklyn." (Docket No. 7, Ex. D.)

2    Further demonstrating Magna's disregard for the requirements of diversity jurisdiction, Magna asserts as a basis for jurisdiction that "[t]he matter in controversy between Plaintiff(s) and Defendants exceeds the sum of $50,000." As counsel should be aware, since 1996, the amount in controversy required to secure federal diversity jurisdiction must exceed $75,000, not $50,000. Federal Courts Improvement Act of 1996, Pub.L. No. 104–317, 110 Stat. 3850 (codified at 28 U.S.C. § 1332(a)).

End of Document                                                    © 2020 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT D

1997 WL 199154, 73 Fair Empl.Prac.Cas. (BNA) 958

1997 WL 199154
United States District Court, D. New Jersey.

DEBORAH W. TSCHIRHART, Plaintiff

v.

UNITED AIRLINES and DAN WALSH, Defendants

No. 96-1620 (MTB).
|
Mar. 25, 1997.

**Attorneys and Law Firms**

Paul Schachter (Reinhardt & Schachter), Newark, N.J., for plaintiff.

Patrick J. Brady (Carpenter, Bennett & Morrissey), Newark, N.J., for defendants.

**Opinion**

MARYANNE T. BARRY, District Judge

**\*1** This case having come before the court on plaintiff's motion for joinder of a non-diverse defendant and for remand to the Superior Court of New Jersey, and on a cross-motion, filed by defendant United Airlines ("United"), to drop the non-diverse defendant as a party; and the court having reviewed the parties' submissions without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure; and

it appearing that, on February 23, 1996, plaintiff, Deborah Tschirhart, filed a six-count complaint in the Superior Court of New Jersey against defendant United, alleging that, in denying her several promotions, United discriminated against her on the basis of her gender in violation of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1 et seq.; and

it appearing that United subsequently removed the complaint to this court on April 10, 1996[1]; and

it appearing that, on May 3, 1996, plaintiff filed a notice of motion for remand to state court on the ground that United's removal of the complaint to federal court had been untimely, a motion that was denied by United States Magistrate Judge Stanley R. Chesler in a written opinion and order filed June 4, 1996; and

it appearing that, on May 15, 1996, after the complaint was removed but prior to an answer having been filed, plaintiff filed an amended complaint naming Dan Walsh, the United employee allegedly responsible for denying plaintiff one of the promotions at issue, as a defendant, and including an additional count against him for aiding, abetting and assisting in the discrimination (Pl.'s Am. Compl. Count 7); and

it appearing that plaintiff now seeks remand to state court pursuant to 28 U.S.C. Section 1447(e) on the ground that, because plaintiff and defendant Walsh are both citizens of New Jersey, this court lacks subject matter jurisdiction over the complaint[2]; and

it appearing that defendant United has opposed the motion with a cross-motion to drop Walsh as a party defendant on the grounds that his presence would destroy diversity, that he is not an indispensable party as defined in Rule 19 of the Federal Rules of Civil Procedure, and that the proposed joinder is fraudulent; and

**\*2** it being the opinion of the court that

if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court,

28 U.S.C. Section 1447(e)[3] ; and

it being the opinion of the court that section 1447(e) "leaves it entirely to the court to determine whether to refuse the addition and keep the case or allow the addition and remand the case for want of federal jurisdiction," Casas Office Machines v. Mita Copystar America, 42 F.3d 668 (1st Cir. 1994); and

it being the opinion of the court that, accepting plaintiff's allegations as true, she has stated a viable, non-fraudulent claim against Walsh under New Jersey law for aiding and abetting in United's purportedly discriminatory conduct[4]; and

**\*3** it being the opinion of the court that, because plaintiff filed the instant motion before an answer was filed and, absent joinder, plaintiff's claims against Walsh could likely be barred

1997 WL 199154, 73 Fair Empl.Prac.Cas. (BNA) 958

under New Jersey's entire controversy doctrine, a balancing of the equities in this case clearly favors joinder and remand [5]

*4  IT IS on this 24th day of March, 1997,

ORDERED that plaintiff's motion for joinder and remand to the Superior Court of New Jersey, Essex County, be and hereby is granted; and it is further

ORDERED that defendant United's cross-motion to drop Walsh as a party defendant be and hereby is denied; and it is further

ORDERED that plaintiff's appeal of Magistrate Chesler's opinion and order of June 4, 1996 be and hereby is dismissed as moot.

**All Citations**

Not Reported in F.Supp., 1997 WL 199154, 73 Fair Empl.Prac.Cas. (BNA) 958

Footnotes

1    Plaintiff and defendant United are citizens of different states, thus bringing the original complaint, based solely on state law, within the subject matter jurisdiction of the federal courts pursuant to 28 U.S.C. Section 1332.

2    Plaintiff contends that, because she amended her complaint to add Walsh as a defendant before United failed an answer, the amendment was "as of right", and Walsh is, therefore, a party defendant in the litigation. Alternatively, plaintiff now seeks permission from the court to join Walsh as a defendant.

3    28 U.S.C. Section 1447(e) was adopted by Congress in 1988. Prior to that time, the only diversity-defeating parties that could be joined in a federal court action, thus requiring dismissal or remand, were indispensable parties meeting the exacting requirements of Rule 19 of the Federal Rules of Civil Procedure. See Steel Valley Authority v. Union Switch & Signal Div., 809 F.2d 1006 (3d Cir. 1987). "Virtually every court to address the joinder question since the enactment of Section 1447(e), [however, has] view [ed] the statute as signalling a departure from a strict Rule 19 analysis and providing for a flexible, broad discretionary approach. . . ." Carter v. Dover Corp., 753 F.Supp. 577, 579 (E.D. Pa. 1991).

4    The New Jersey LAD provides that it shall be unlawful " [f]or any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so." N.J.S.A. 10:5-12e. United's only support for its argument that plaintiff's claim against Walsh "may be subject to a motion to dismiss" is that the Hon. Joseph E. Irenas has held that a supervisory employee may not be held liable for aiding and abetting under the LAD for inactivity, passivity or acquiescence. (Def.'s Mem. at 7 n.2) (emphasis added). In the case at bar, plaintiff has alleged that Walsh was the actual decisionmaker responsible for United's failure to promote her. (Pl.'s Am. Compl., Count 7 Paragraphs3-4.)

5    United's arguments to the contrary are so far afield that they do not even rise to level of being specious. First, apparently oblivious to the primary role of Congress in the legislative process, United contends that, because the United States Court of Appeals for the Third Circuit has not addressed section 1447(e) since its enactment in 1988, Steel Valley, decided in 1987, remains controlling law in this circuit. (Def.'s Mem. in Opp. to Pl.'s Mot. for Remand and in Supp. of Cross-Motion at 6-9.) Next, United tenaciously insists that, even if Steel Valley is no longer controlling, its Rule 19 analysis remains a "threshold issue" that must be resolved under section 1447(e). Id. at 10. While it is true that section 1447(e) does not wholly supplant the concerns underlying Rule 19's indispensable party analysis, United's suggestion that a party's status as dispensable virtually dictates that a court deny the joinder is precisely backward. See Casas Office Machines, 42 F.3d at 675. Indeed, at least with respect to non-indispensable parties such as Walsh, the whole purpose behind the adoption of section 1447(e) was to move away from the rigidity of Rule 19 and to afford courts greater discretion to grant or deny the joinder of non-diverse parties. Thus, United's reading would return the federal courts to a pre-1988 regime and would render section 1447(e) virtually meaningless. Turning to the equities of the case, United first invokes the irrelevancies that plaintiff could obtain complete relief from United without pursuing her claim against Walsh, that she states only one claim against him, and that Walsh is available to be deposed. (Def.'s Mem. at 7-8.) Regardless of United's capacity to satisfy a judgment against both it and Walsh, if plaintiff has stated a claim upon which relief can be granted against Walsh-- which, as discussed above, she has--the availability of United's deep pockets cannot defeat the claim. (Moreover, this court is at a complete loss as to the significance of the fact that only one count among seven seeks to impose liability on Walsh and of the fact that Walsh is available to be deposed.) Next, United contends that the entire controversy doctrine is wholly inapplicable to plaintiff's claims against Walsh because (1) application of the doctrine is discretionary, id. at

1997 WL 199154, 73 Fair Empl.Prac.Cas. (BNA) 958

16, and (2) Walsh's dismissal would not be on the merits, id. at 17. As to the first ground, this court will not belabor the point that "discretionary" and "inapplicable" are not synonymous. With respect to the second ground, if this court were to deny plaintiff's motion for joinder, Walsh likely would be considered never to have been a party in the first place, and plaintiff's claim against him could, therefore, be barred under the entire controversy doctrine. Finally, United argues that it is entitled to a federal forum because a claim arising under New Jersey's LAD is analyzed under Title VII's McDonnell-Douglas framework and that plaintiff's allegations implicate United's company-wide and, therefore, nation-wide, policies. Id. at 11. These arguments are simply ridiculous.

End of Document                                                2020 Thomson Reuters. No claim to original U.S. Government Works